# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DONNA S. TODD** <br> 3587 Hoover Rd. <br> Grove City, OH 43123 <br><br> **Plaintiff,** <br><br> vs. <br><br> **SUNRISE FAMILY HEALTHCARE, LLC,** <br> Serve Statutory Agent: <br> Ahmet H. Ali <br> 132 North Wilson Road <br> Columbus, OH 43204 <br><br> and <br><br> **AHMET H. ALI,** <br> 132 North Wilson Road <br> Columbus, OH 43204 <br><br> **Defendants.** | Case No.: 2:18-cv-20 <br><br> JUDGE <br><br> MAGISTRATE JUDGE <br><br> **Jury Demand Endorsed Hereon** |

## COMPLAINT

NOW COME Plaintiff Donna S. Todd ("Plaintiff") proffering this Complaint for damages against Defendant Sunrise Family Healthcare, LLC and Defendant Ahmet H. Ali ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiffs entered into an employment relationship with Defendant in the Southern District of Ohio and performed their job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Donna Todd is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff resides in Franklin County, Ohio.

6. At all times relevant herein, the Plaintiff was an employee of Defendants as that term is defined in the FLSA and O.R.C. Chapter 4111.

7. Defendant Sunrise Family Healthcare, LLC is a Limited Liability Company registered to do business in Ohio and conducts business in the Southern District of Ohio.

8. Defendant Ahmet H. Ali is an individual and owner of Defendant Sunrise Family Healthcare, LLC. Defendant Ali controls the pay practices of Sunrise Family Healthcare, LLC.

9. At all times relevant herein, Defendants were covered employers as that term is defined in the FLSA and O.R.C. Chapter 4111.

10. At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants' constituted an enterprise engaged in commerce within the meaning of the FLSA.

**FACTUAL BACKGROUND**

A. **Defendants' Employment Practices**

11. Defendants are in the business of providing home healthcare services throughout Central Ohio. Defendants provide healthcare services in hospitals, nursing homes, residential facilities and in patient's homes.

12. Defendants maintain a principle office in Franklin County, Ohio.

13. At any given time, Defendants employed between 9 and 13 office staff employees.

14. In addition to office staff members, Defendants employ approximately 200 or more Home Health Aides at any given time.

15. Defendants pay their office staff members and Home Health Aides on an hourly basis.

16. Defendants' pay periods are based on a two-week period of time.

17. Defendants require their office staff members and Home Health Aides to "clock in" and "clock out" during their shifts to keep track of their time worked.

18. Office staff members tracked their time by clocking in and out using a computer program called Clockspot.

19. Home Health Aides kept track of their time using paper time sheets. Their time sheets are submitted to Defendants' Human Resources Manager every week.

20. In or around October 2017, Defendants began using DeVero, a home health software program, to track all employees' time.

21. At all times relevant herein, Defendants have maintained a policy of not paying overtime compensation to Home Health Aides for all hours worked in a workweek in excess of

3

40.     Instead, Defendants paid its office staff and Home Health Aides "straight time" for all hours worked.

22.     On many occasions, office staff and Home Health Aides received two or three paychecks for the same pay period. One paycheck contained payment at "straight time" for 80 hours of work performed during the two-week pay period. The other paycheck contained payment at the same "straight time" for any hours worked by that employee in excess of 80 during the two-week pay period.

23.     Defendants their Scheduler, an office position, to be "on-call" at all hours of the day, every day. The Scheduler is required to carry a company-issued cell phone and respond to any calls that are received after hours, i.e., anytime between 5:00 p.m. and 9:00 a.m. on weekdays, and at any time on the weekends.

24.     While on-call, the Scheduler receives phone calls for various reasons and must take several different actions, depending on the issue at hand.

25.     A Scheduler often receives calls from Home Health Aides indicating that he or she cannot make it to his or her scheduled shift. In that case, the Scheduler reaches out to other available Home Health Aides and is responsible for finding an Aide to cover the shift.

26.     A second reason the Scheduler may receive a call is if a "client incident" has occurred, e.g. a client has fallen and injured him or herself. In that case, the Scheduler reports the incident to Defendant Ali and writes an incident report.

27.     A third reason the Scheduler could receive a call is when a client is being discharged. In that situation, the hospital calls the Scheduler and indicates that the client is ready to be released. The Scheduler then calls Defendants' on-duty nurse and informs him or her that the client's case needs to be "resumed." Once the case is resumed, the Scheduler notifies a Home

4

Health Aide that the client is being discharged, the case has been resumed, and schedules the client's care with the Home Health Aide.

28. At all relevant times herein, Defendants did not allow its Scheduler to clock-in and track his or her time spent on call. Schedulers were not paid for their time spent on call, even if they were performing work on Defendants' behalf during this time.

**B. Plaintiff Todd's Employment**

29. Plaintiff Todd began working for Defendants on or around March 3, 2016 as a Home Health Aide.

30. Plaintiff regularly worked more than 40 hours per workweek as a Home Health Aide throughout her employment with Defendants.

31. In accordance with Defendants' pay practices set forth above, Plaintiff did not receive overtime pay for hours worked in excess of 40 per workweek. Instead, Plaintiff received only "straight time" pay for each hour worked.

32. In or around late October 2016, Defendants' Scheduler resigned. Plaintiff Todd was placed in the position of Scheduler.

33. Plaintiff began performing the duties of the Scheduler, as well as continuing to provide services for her clients as a Home Health Aide.

34. Plaintiff regularly worked more than 40 hours per week performing the duties associated with both of these positions.

35. Plaintiff's employment with Defendants ended on or around November 30, 2017.

36. At all times throughout her employment, Plaintiff was paid on an hourly basis.

37. At all times throughout her employment, Plaintiff was subjected to the same pay practices set forth above.

5

38. While Plaintiff was employed as the Scheduler, Plaintiff was assigned the additional responsibility of "on call" work Monday through Friday, 5:00 p.m. and 9:00 a.m. and 24 hours per day on Saturdays and Sundays.

39. Plaintiff was not compensated for work performed while she was on-call.

40. Plaintiff regularly worked more than 40 hours in a workweek, including her on-call work, throughout her employment with Defendants, but was not compensated at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40.

41. For example, during the two-week pay period of December 18, 2016 through December 31, 2016, Plaintiff Todd worked 72 hours in the position of Scheduler. During that same pay period, Plaintiff worked 44 hours as a Home Health Aide. Thus, Plaintiff worked a total of 117.5 hours for Defendants during that two-week pay period.

42. Instead of paying Plaintiff the overtime compensation she was owed for each of those two weeks, Defendants issued Plaintiff two separate checks at the close of the pay period. One check compensated Plaintiff for her Scheduler hours (72 hours) at her rate of pay of $14.00 per hour. The other check compensated Plaintiff for her Home Health Aide hours (44 hours) at a rate of $12.00 per hour, as well as her Escort Service hours (i.e., transporting patients to appointments, etc.) (1.5 hours) at a rate of $13.00 per hour. Plaintiff was not paid at a rate of one and one-half times her regular rate of pay for the hours she worked in excess of 40 each week. See Exhibit A—Todd Payroll Records Ex.1, attached hereto.

43. Another example of Defendants' unlawful pay practices is attached hereto as Exhibit B—Todd Payroll Records Ex.2. During the two-week pay period of April 23, 2017 through May 6, 2017, Plaintiff Todd worked 80 hours in the position of Scheduler. During that

same pay period, Plaintiff worked 18.5 hours as a Home Health Aide. Thus, Plaintiff worked a total of 98.5 hours for Defendants during that two-week pay period.

44. For that pay period, Plaintiff received two separate checks. One check was for the 80 hours worked as the scheduler at a rate of $14.00 per hour. The second check was for 18.5 hours of Home Health Aide duties at a rate of $9.00 per hour. Plaintiff was not paid at a rate of one and one-half times her regular rate of pay for the hours she worked in excess of 40 each week.

### C. Related Litigation

45. On November 11, 2016, Plaintiffs Tiffany Ellis, Dana Davis, Judy Swank, Brenda Phillips, and JoEllen Conway, former employees of Defendants Sunrise Family Healthcare, LLC and Ahmet Ali, filed a collective action complaint in the Southern District of Ohio (Case No.: 2:16-cv-01088-ALM-TPK). A copy of the Complaint is attached as Exhibit C (herein after referred to as the "*Ellis* litigation").

46. The Plaintiffs, also represented by the undersigned counsel, asserted FLSA and Ohio law claims for failure to pay overtime compensation against Defendants. Plaintiffs' claims were identical to the claims now asserted by Plaintiff Todd in the instant action.

47. The *Ellis* Plaintiffs filed a pre-discovery motion for conditional class certification and court-supervised notice to potential opt-in plaintiffs pursuant to 29 U.S.C. § 216(b) on November 28, 2016.

48. In August 2017, the parties entered into a Collective Action Settlement Agreement, which was approved by Judge Marbley on September 1, 2017. (A copy of Plaintiffs' Motion for Approval of the Settlement is attached hereto as Exhibit D)

49. For the purposes of settlement only, the parties agreed to conditional certification of two FLSA classes defined as: (1) All individuals who were employed by Defendants, who

worked in the office and who worked more than 80 hours in a two week pay period between November 11, 2013 and the present ("Office Employees"); and (2) All individuals who were employed by Defendants as a Home Health Aide and who worked more than 80 hours in a two week pay period between January 1, 2015 and the present ("Home Health Aides" or "HHAs").

50. The settlement agreement provided for notice of the lawsuit to be sent to the individuals whom Defendants identified as falling within either of these two class definitions, as well as a consent form allowing the employee to opt-in to the lawsuit if he or she so chose.

51. The settlement agreement then required Defendants to pay an agreed-upon amount to any qualified Office Employee or Home Health Aide who opted into the lawsuit.

52. Defendants deliberately failed to identify Plaintiff Todd (a current employee at that time) as an individual who met the definition of the conditionally certified FLSA classes.

53. Accordingly, Plaintiff Todd was not provided notice of the *Ellis* litigation and was not provided with an opportunity to opt-in to the lawsuit and receive the overtime compensation owed to her as part of the settlement.

54. Plaintiff now brings the instant matter to recover the overtime compensation she is owed from Defendants.

## FIRST CAUSE OF ACTION
### 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

55. All of the preceding paragraphs are realleged as if fully rewritten herein.

56. Plaintiff was an employee of Defendants within the previous three years of the filing of this action.

57. Plaintiff was not exempt from the overtime requirements of the FLSA.

58. Plaintiff regularly worked more than 40 hours per workweek.

8

59. Plaintiff was not paid an overtime premium for all hours worked over 40 in a workweek at her regular rate of pay.

60. Defendants were aware that Plaintiff regularly worked more than 40 hours per week, but did not receive overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per week.

61. Defendants knew or should have known of the overtime payment requirement of the FLSA, and that Plaintiff was owed overtime compensation for all hours worked per week in excess of 40.

62. In fact, Defendants violated Judge Marbley's Order and deliberately failed to include Plaintiff in a collective action settlement to which she was entitled to participate. As part of the settlement, Plaintiff should have been paid at least a portion of the overtime compensation she is owed for all hours worked in excess of 40.

63. Defendant continued to violate the FLSA in its payment of Plaintiff Todd's wages, even after the *Ellis* litigation had been filed.

64. Defendants' refusal to properly compensate Plaintiff as required by the FLSA was willful.

65. As a result of Defendants' actions, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
**OMFWSA R.C. 4111.03 - Failure to Pay Overtime**

66. All of the preceding paragraphs are realleged as if fully rewritten herein.

67. This claim is brought under Ohio Law.

9

68. Defendants' repeated and knowing failure to pay overtime wages to Plaintiff for hours worked in excess of forty (40) per workweek, including work completed while "on call," was a violation of Section 4111.03 of the Ohio Revised Code.

69. For the Defendants' violations of ORC 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## THIRD CAUSE OF ACTION (AGAINST DEFENDANT SUNRISE ONLY)
### R.C. 4113.15 – Failure to Tender Pay by Regular Payday

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. Plaintiff asserts this claim under R.C. 4113.15, which requires Defendant Sunrise to pay its employees within thirty (30) days of when they performed compensable work.

72. At all times relevant herein, Defendant Sunrise failed to make proper wage payments to Plaintiff for all overtime compensation for hours worked in excess of 40 in a workweek.

73. By failing to make the wage payments within 30 days of when such payments were due, Defendant Sunrise has violated R.C. 4113.15.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests and prays for the following relief:

A. An award of unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

B. An award of liquidated damages and/or treble damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and R.C. § 4113.15;

C. A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and the OMFWSA;

D. An injunction against Defendants from engaging in each of the unlawful practices, policies, and patters set forth herein;

E. An award of prejudgment and post judgment interest;

F. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

G. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/*Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com)*
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: (614) 610-4134
Fax: (513) 826-9311
*Counsel for Plaintiff Todd*

## JURY DEMAND

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/*Greg R. Mansell*
Greg R. Mansell (0085197)

11