## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims is made by and entered into between Donna Todd and Sunrise Family Healthcare, LLC and Ahmet Ali, hereinafter referred to collectively as the **"Parties"** or **"Settling Parties"** where appropriate.

## RECITALS AND BACKGROUND

**WHEREAS**, on January 8, 2018, Plaintiff Todd commenced this action by filing a Complaint in the United States District Court for the Southern District of Ohio, Case No. 2:18-cv-20 (the "Litigation"). Plaintiff brought her claim under the Fair Labor Standards Act ("FLSA") and Ohio law, alleging that she was not properly paid overtime.

**WHEREAS**, the Parties engaged in informal discovery, exchanged information and documents, and they conducted detailed legal and factual analyses of Plaintiff's claims and Defendants' defenses. On March 26, 2018, the Parties' settlement negotiations culminated in this Settlement Agreement.

**WHEREAS**, it is the desire and intention of the Parties that this Settlement Agreement shall fully, finally, and forever settle, compromise, and discharge all disputes and claims that Plaintiff asserted in the Litigation and that relate to or could have arisen out of the same facts alleged in the Litigation, including both asserted and unasserted claims, and including but not limited to claims for unpaid wages, minimum wages, overtime, penalties, or any other wage- or recordkeeping-related damages or relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, or any state law regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation.

**WHEREAS**, it is the desire and intention of the Parties that under this Settlement Agreement, Plaintiff has received all wages and compensation to which she is entitled.

# EXHIBIT A

**WHEREAS**, Plaintiff's counsel has conducted a thorough investigation of the claims that Plaintiff asserted in the Litigation and that relate to or could have arisen out of the same facts alleged in the Litigation, including both asserted and unasserted claims, and including but not limited to claims for unpaid wages, minimum wages, overtime, penalties, or any other wage or recordkeeping related damages or relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, or any state law regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation. Based on their independent investigation and evaluation, Plaintiff's counsel believes that the settlement with Defendants for the consideration of and on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate, and is in the best interest of Plaintiff in light of all known facts and circumstances, including the risk of delay, defenses asserted by Defendants, and numerous potential appellate issues.

**WHEREAS**, Defendants expressly deny any liability or wrongdoing of any kind associated with the claims in this Litigation. Defendants contend they have complied with applicable federal and state laws at all times. By entering into the Settlement Agreement, Defendants do not admit any liability or wrongdoing and expressly deny the same.

**NOW, THEREFORE**, the Settling Parties, intending to be legally bound and in consideration of the mutual promises, covenants, and agreements set forth in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

## I. SETTLEMENT APPROVAL PROCEDURE.

As soon as practicable after execution of this Agreement, the Parties shall file a Joint Motion for Approval of the Settlement Agreement and submit a proposed Order thereon. The

Settling Parties agree to undertake all things and procedures reasonably necessary and appropriate to obtain approval of the settlement memorialized in this Agreement. This Agreement is contingent upon the settlement terms memorialized herein, and is entered into voluntarily by the Settling Parties for settlement purposes only.

## II. SETTLEMENT ALLOCATION.

In consideration of the mutual covenants and promises set forth herein, the Parties agree, subject to the Court's approval, that Defendants will pay a total of fifteen thousand dollars and zero cents ($15,000). These payments will be made in a series of four payments, each containing three separate checks, as follows:

1) **FIRST PAYMENT. One-Quarter of the total sum ($3,750.00) due within three (3) business days of both Ms. Todd and her legal counsel's (Mansell Law, LLC) submissions of completed Form W-9's to Defendants' legal counsel, Ms. Todd's execution of this Agreement, and the Court's approval of the settlement.** Three separate checks will be issued by Defendants contemplating this sum as follows:

(a) $1,500.00 made payable to Mansell Law, LLC. Defendants shall issue an IRS Form 1099 to Mansell Law, LLC;

(b) $1,125.00 (gross) payable to Ms. Todd, less all applicable payroll withholdings. This payment shall be allocated as wages and shall be reported on an IRS Form W-2 by Defendants;

(c) $1,125.00 (net) payable to Ms. Todd. This payment represents statutory damages to Donna Todd. Defendants shall issue an IRS Form 1099 to Donna Todd.

2) **SECOND PAYMENT. One-Quarter of the total sum ($3,750.00) due thirty (30) calendar days from the date of the Court's approval of the settlement**. Three separate checks will be issued by Defendants contemplating this sum as follows:

    (a) $1,500.00 made payable to Mansell Law, LLC. Defendants shall issue an IRS Form 1099 to Mansell Law, LLC;

    (b) $1,125.00 (gross) payable to Ms. Todd, less all applicable payroll withholdings. This payment shall be allocated as wages and shall be reported on an IRS Form W-2 by Defendants;

    (c) $1,125.00 (net) payable to Ms. Todd. This payment represents statutory damages to Donna Todd. Defendants shall issue an IRS Form 1099 to Donna Todd.

3) **THIRD PAYMENT. One-Quarter of the total sum ($3,750.00) due sixty (60) calendar days from the date of the Court's approval of the settlement**. Three separate checks will be issued by Defendants contemplating this sum as follows:

    (a) $1,500.00 made payable to Mansell Law, LLC. Defendants shall issue an IRS Form 1099 to Mansell Law, LLC;

    (b) $1,125.00 (gross) payable to Ms. Todd, less all applicable payroll withholdings. This payment shall be allocated as wages and shall be reported on an IRS Form W-2 by Defendants;

    (c) $1,125.00 (net) payable to Ms. Todd. This payment represents statutory damages to Donna Todd. Defendants shall issue an IRS Form 1099 to Donna Todd.

4) **<u>FOURTH PAYMENT</u>. One-Quarter of the total sum ($3,750.00) due ninety (90) calendar days from the date of the Court's approval of the settlement**.  Three separate checks will be issued by Defendants contemplating this sum as follows:

(a) $1,500.00 made payable to Mansell Law, LLC. Defendants shall issue an IRS Form 1099 to Mansell Law, LLC;

(b) $1,125.00 (gross) payable to Ms. Todd, less all applicable payroll withholdings. This payment shall be allocated as wages and shall be reported on an IRS Form W-2 by Defendants;

(c) $1,125.00 (net) payable to Ms. Todd. This payment represents statutory damages to Donna Todd.  Defendants shall issue an IRS Form 1099 to Donna Todd.

## III.   ADDITIONAL SETTLEMENT TERMS

In consideration of the mutual covenants and promises set forth herein, the Parties further agree, as follows:

1.     Defendant Ahmet H. Ali expressly acknowledges and agrees that the payment of attorneys' fees and costs referenced in Part II) above of $6,000.00, is fair and reasonable, and agrees to pay this amount to Mansell Law, LLC.

2.     Defendant Ahmet H. Ali expressly acknowledges and agrees that the payment of attorneys' fees and costs to Mansell Law, LLC in the previous lawsuit, styled, *Tiffany Ellis, et al., v. Sunrise Family Healthcare, LLC, et al.,* Case No.: 2:16-cv-1088, filed in the Southern District of Ohio, Eastern Division, in the amount of $53,000.00, is fair and reasonable.

3.     Defendant Ahmet H. Ali expressly agrees that he will not directly contact Mansell Law, LLC, or it's attorneys, Greg Mansell or Carrie Dyer, at any time for any reason.  All

communication must be facilitated through Defendant Ali's current counsel or counsel of Mr. Ali's choosing.

4. Defendant Ahmet H. Ali agrees that he will not directly or indirectly disparage Mansell Law LLC or its attorneys and employees in any way at any time.

_Ahmet Ali_

Ahmet H. Ali,
Signature as to Section III. Additional Settlement Terms

5. Ms. Todd agrees that she will not reveal the existence of this Agreement, nor any terms thereof (including the *fact* of payment and the *amount* of payment), to any person, entity, or organization, except to her tax advisor, attorney, spouse, accountant, or the Internal Revenue Service and similar state or local taxing authorities if necessary in connection with the filing, amendment or audit of her federal, state or local income tax return, or pursuant to a valid order or subpoena issued by a governmental entity such as the Internal Revenue Service or any state department of unemployment compensation or taxation.   Any such disclosure of the aforementioned information shall be made only upon admonishing the person or entity to whom such information is disclosed about the confidential nature of the information.

Ms. Todd acknowledges that the confidentiality provisions set forth above are paramount to this Agreement.  In the event that Plaintiff Todd breaches her duty of confidentiality as set forth above and Defendants are required to seek redress through a court or other competent tribunal, and that court or competent tribunal determines that Ms. Todd has breached her duty of confidentiality, Ms. Todd agrees that Defendants will be entitled to all of their reasonable attorney's fees and costs associated with seeking such determination.  In addition, Plaintiff Todd

agrees that Defendants shall be entitled to any other appropriate relief granted by such court or other tribunal.

6.  The Parties specifically understand and agree that they will neither disparage nor defame each other in any manner, including through the posting of statements on the Internet through social media such as Facebook, Twitter, or blogs, or on any other website, including, but not limited to, *Indeed.com* and *Glassdoor.com*. To the extent that the Parties have made such postings prior to entering into this Agreement, they agree to remove those postings (to the extent possible), and provide the other Party with a copy of the posting, along with any commentary concerning the posting.

## IV.  RELEASES

In exchange for the monetary and other consideration recited in this Agreement, Plaintiff Todd hereby agrees to dismiss the Lawsuit with prejudice and on the merits. Plaintiff Todd shall release all wage and hour claims against Defendants arising at any time up to the effective date of this settlement, that were or could have been asserted in the Lawsuit under the federal Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*), the Ohio Minimum Fair Wage Standards Act (O.R.C. Chapter 4111), or any state or local law, including, but not limited to, all claims for minimum wages and unpaid regular or overtime wages; all derivative benefit claims (both ERISA and non-ERISA benefits); penalties, interest, and liquidated damages on such claims; regular rate calculations; and attorney's fees and costs relating to such claims.

Ms. Todd also expressly agrees to completely and irrevocably waive, discharge and release Defendants Ahmet Ali and Sunrise Family Healthcare, LLC, its partners, officers, directors, shareholders, trustees, employees, agents, investors, owners, board members, attorneys and insurers, (in their individual and representative capacities) (collectively, "Releasees") from

any and all claims, charges, demands, suits, complaints, grievances, causes of action and/or liability whatsoever ("Claims") involving any matter arising out of or in any way related, directly or indirectly, to her employment with Sunrise Family Healthcare, LLC, and/or the termination thereof, or with respect to any other transaction, event or occurrence pre-dating the date of this Agreement, whether now known or unknown, including, but not limited to, any claim of breach of contract, wrongful discharge, intentional infliction of emotional distress, retaliation and/or employment discrimination, whether in tort or in contract, any employment intentional tort or violations of specific safety requirements (V.S.S.R.), any statutory or common law claim for attorneys' fees, any claim for interest on the amounts paid hereunder, or any other claim under present or future federal, state or local statute or law, including, but not limited to, the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"); the Civil Rights Act of 1866, 42 U.S.C. §1981; the Civil Rights Act of 1991, P.L. 102-166; the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.*; the Equal Pay Act, 29 U.S.C. §206(d); the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.*; the Occupational Safety and Health Act of 1970, 29 U.S.C. §553, *et seq.*; the Employee Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*; the Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. §1161, *et seq.*; the National Labor Relations Act, 29 U.S.C. §151, *et seq.;* and any statutory amendments, Ohio Revised Code Chapters 4111, 4112, 4121 and 4123; Ohio Constitution Art. II, §§34, 34a and 35, Ohio Administrative Code 4121-3-20 *et seq.*

## V.    MODIFICATION OF THE AGREEMENT.

No waiver, modification, or amendment to the terms of this Agreement, whether purportedly made before or after entry of an Order approving this Agreement, shall be valid or binding unless made in writing and signed by the Settling Parties or their respective counsel, and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval. Any failure by the Settling Parties to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and notwithstanding such failure, the Settling Parties shall thereafter have the right to insist upon strict performance of any and all provisions of this Agreement.

## VI.    CONSTRUCTION AND INTERPRETATION.

A.    **Entire Agreement.**  This Agreement constitutes the entire agreement between the Settling Parties with respect to the subject matter contained herein and shall supersede all prior and contemporaneous negotiations between the Settling Parties.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any of the Settling Parties, regardless of who drafted or was principally responsible for drafting this Agreement.  Plaintiff's Counsel and Defense Counsel participated in the negotiation and drafting of this Agreement.  As such, the Settling Parties may not claim that any ambiguity in this Agreement should be construed for or against them.

B.    **No Reliance on Representations or Extrinsic Evidence.**  Except as expressly provided herein, this Agreement has not been executed in reliance on any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict this Agreement. In entering into this Agreement, the Settling Parties agree that it is to be construed according to its terms and may not be modified, varied, or

contradicted by extrinsic evidence.

      **C.**    <u>**Controlling Law**</u>.  This Agreement shall be subject to, governed by, and construed, enforced, and administered in accordance with, the laws of the State of Ohio with respect to both its procedural and substantive aspects and without regard for the principle of conflict of laws.  This Agreement shall be subject to the continuing jurisdiction of the United States District Court for the Southern District of Ohio.

      **D.**    <u>**Severability**</u>.  If any provision of this Agreement, except for the Release described in Section IV herein, is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable, the remaining portions of this Agreement shall remain in full force and effect to the extent the effect of the Agreement and the obligations of the Settling Parties remain materially the same.

      **E.**    <u>**Enforcement**</u>.  Ahmet H. Ali acknowledges that all provisions in Part II and Part III of this document are material parts of this Agreement and are of the utmost importance.  In the event that Plaintiff Todd and/or Mansell Law is required to seek enforcement of any provisions of this Agreement by a court or other competent tribunal, and that court or competent tribunal determines that Mr. Ali has breached any part of this Agreement, Mr. Ali agrees that Plaintiff Todd and/or Mansell Law will be entitled to all of her reasonable attorneys' fees and costs associated with seeking such determination.  In addition, Defendants agree that Plaintiff Todd shall be entitled to any other appropriate relief granted by such court or other tribunal.

**VII.**    **COUNTERPARTS.**

      The Agreement, any amendments or modifications to it, and any other documents required to be executed in order to consummate or carry-out this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement.  All such

counterparts shall together constitute one and the same instrument.  A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

**VIII.  BINDING EFFECT.**

This Agreement is binding upon and shall inure to the benefit of the Settling Parties. Without limiting the foregoing, this Agreement shall specifically inure to the benefit of the Defendants.

**IX.  CONTINUING JURISDICTION.**

The Settling Parties agree to request that the United States District Court for the Southern District of Ohio retain continuing jurisdiction to:(1) construe, interpret, and enforce the provisions of this Agreement; and (2) hear and adjudicate any dispute or litigation arising from or relating to this Agreement or the issues of law and fact asserted in the Lawsuit.

**X.  EFFECT OF NON-APPROVAL.**

In the event the settlement memorialized in this Agreement is not approved by the Court for any reason, the Settling Parties will exert their best efforts to preserve the material terms of their settlement, address any concerns identified by the Court, and submit any additional pleadings or other documents as directed by the Court.  If the Settling Parties cannot agree on revised settlement terms, or if the Court fails to approve a renegotiated settlement, then this Agreement and all matters covered by it shall be null and void.  Should this occur, nothing in this Agreement shall be used or construed by or against any Settling Party as a determination, admission, or concession of any issue of law or fact in the Lawsuit; and the Settling Parties do not waive, but instead expressly preserve, their respective rights with respect to the prosecution and defense of the Lawsuit as if this Agreement never existed.

## PLEASE READ CAREFULLY BEFORE SIGNING

- I HAVE READ THE FOREGOING AGREEMENT AND RELEASE, AND FULLY UNDERSTAND IT.

- I WAS GIVEN TWENTY-ONE DAYS (21) DAYS WITHIN WHICH TO CONSIDER THIS AGREEMENT.

- I HAVE BEEN ADVISED TO CONSULT WITH LEGAL COUNSEL BEFORE SIGNING THIS AGREEMENT.

- I HAVE THE RIGHT TO REVOKE THIS WAIVER FOR SEVEN (7) DAYS AFTER THE DATE ON WHICH I SIGNED IT. I FURTHER ACKNOWLEDGE THAT, IF I FAIL TO EXERCISE THIS RIGHT (AS DESCRIBED BELOW), MY WAIVER OF ALL CLAIMS WILL BECOME A BINDING CONTRACT ON THE EIGHTH (8TH) DAY AFTER I SIGN THIS AGREEMENT.

- IN THE EVENT THAT I ELECT TO REVOKE MY SIGNATURE DURING THIS SEVEN (7) DAY PERIOD, I WILL FACILITATE MY REVOCATION BY NOTIFYING DEFENDANTS' LEGAL COUNSEL, JASON DAWICKE, VIA ONE OF THE FOLLOWING TWO METHODS:

  (1) EMAIL AT JDAWICKE@DAWICKELAW.COM; OR

  (2) REGULAR MAIL TO JASON DAWICKE (DAWICKE LAW, LLC) AT:

  PO BOX 21354
  COLUMBUS, OH 43221

- I NOW VOLUNTARILY SIGN THIS AGREEMENT AND RELEASE ON THE DATE I HAVE FILLED IN NEXT TO MY BELOW SIGNATURE.

SIGNATURES:

DONNA TODD:

DATED: _04/04/2018_     By: _Donna Todd_
                            Donna Todd

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**SUNRISE FAMILY HEALTHCARE LLC.**

DATED: 4/4/2018

By: _____

Name: _____
Authorized Representative

**AHMET ALI**

DATED: 4/4/2018

By: _____
Ahmet Ali